| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br>PARKER McCAY P.A.<br>Brian E. Caine, Esq.<br>9000 Midlantic Drive, Suite 300<br>P.O. Box 5054<br>Mount Laurel, New Jersey  08054<br>(856) 985-4059<br>Attorney for Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust, its successors and/or assigns | Order Filed on April 2, 2019 by<br>Clerk U.S. Bankruptcy Court<br>District of New Jersey |
| In Re:<br><br>Chigbo Ofodike<br>Azuka Ofodike | CASE NO.  18-13202-JKS<br>Chapter:  13<br>Hearing:  March 14, 2018<br>Judge:  John K. Sherwood |

**ORDER RESOLVING WILMINGTON SAVINGS FUND SOCIETY, FSB, D/B/A CHRISTIANA TRUST, NOT INDIVIDUALLY BUT AS TRUSTEE FOR PRETIUM MORTGAGE ACQUISITION TRUST'S MOTION FOR RELIEF FROM STAY**

The relief set forth on the following pages, numbered two (2) through three (3) is hereby **ORDERED**.

**DATED: April 2, 2019**

_____
Honorable John K. Sherwood
United States Bankruptcy Court

**(Page 2)**
Debtors:  Chigbo Ofodike and Azuka Ofodike
Case No:  18-13202-JKS
Caption of Order:  Order Resolving Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust's Motion for Relief from Stay

---

Upon consideration of Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust, its successors and/or assigns, (hereinafter "Movant") application for an order, pursuant to section 362(d) of the Bankruptcy Code, for relief from the automatic stay as to certain real property as hereinafter set forth, and the Court noting the consent of the parties to the form, substance and entry of the within Order; and for cause shown, it is hereby;

**ORDERED** as follows:

1. As of March 13, 2019, the Debtors are due for the February 1, 2019 through and including March 1, 2019 post-petition payments which total **$3,716.40**:

> 1 month @ $3,268.76 (2/19)
> 1 month @ $3,306.63 (3/19)
> Suspense:         ($2,858.99)

Said arrearages shall be cured by Debtors as follows:

Commencing with the April 1, 2019 monthly post-petition mortgage payment and continuing each month thereafter through and including the September 1, 2019 monthly post-petition mortgage payment, Debtors shall cure the aforesaid arrearages by tendering directly to Movant the regular monthly post-petition mortgage payment plus an additional payment of $714.54 which represents 1/6 of the total sum of the post-petition arrearages.

**(Page 3)**

Debtors:  Chigbo Ofodike and Azuka Ofodike

Case No:  18-13202-JKS

Caption of Order:  Order Resolving Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust's Motion for Relief from Stay

---

2. Commencing with the October 1, 2019 regular monthly post-petition mortgage payment and continuing each month thereafter for the duration of this Chapter 13 proceeding, Debtors shall remit payments directly to Movant as same come due.

3. Debtors shall reimburse Movant through their Chapter 13 Plan of Reorganization, as an administrative claim, the sum of $831.00 for attorney's fees and costs incurred by Movant in the prosecution of its application for relief from stay.

4. **Thirty-Day Default Clause:** If the Debtors should default and fail to make the payments stated herein or any future payments that come due during the pendency of this case to Movant for more than (30) days from the due date, then upon certification of non-receipt of said payments in accordance herewith submitted by secured creditor's counsel, the Court shall enter a General Relief Order, vacating the automatic stay of 11 *U.S.C.* §362(a) with respect to the realty commonly known as 31 Tooker Pl, Springfield NJ 07081. The Order submitted to the Court will not require the consent of the Debtor or the Debtor's counsel regarding form or substance, however, the Trustee, Debtor and their counsel shall be given notice of any filing of a certification of non-receipt in accordance with the Local Rules of Bankruptcy Procedure.